### IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. CROIX

| | |
|---|---|
| FRANCIS MONDESIR,<br><br>                 Plaintiff,<br>v.<br><br>HESS CORPORATION and HESS OIL NEW YORK CORP., as successor by merger of HESS OIL VIRGIN ISLANDS CORP.,<br><br>                 Defendants. | CASE NO. 1:21-cv- 245<br><br>JURY TRIAL DEMANDED |

### NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants Hess Corporation ("Hess") and Hess Oil New York Corp. ("HONYC"), by their undersigned attorney, hereby file this Notice of Removal of an action brought by Plaintiff Francis Mondesir in the Superior Court of the Virgin Islands, Division of St. Croix, captioned Francis Mondesir v. Hess, et al.; Civif et No. SX-21-CV-361 ("Superior Court Action"), to the District Court of the Virgin Islands, Division of St. Croix, and expressly reserve all questions and defenses other than that of removal. A copy of the Complaint filed in the Superior Court Action is attached as Exhibit A. In support thereof, Defendants respectfully state as follows:

### BACKGROUND AND CITIZENSHIP OF PARTIES

On or about May 5, 2021, Plaintiff served Hess with a Summons and a jump drive containing an electronic copy of the Complaint in the Superior Court Action. See Exhibit B. On or about 5/10/2021, Plaintiff served HONYC with a Summons and jump drive containing an electronic copy of the Complaint in the Superior Court Action. See Exhibit C. The attached

Exhibits A, B and C comprise copies of all process, pleadings, and orders served upon such defendants in the Superior Court Action.[7]

Plaintiff alleges to be a Citizen of the United States Virgin Islands. No individual Defendant is a citizen or has a principal place of business in the United States Virgin Islands.

## GROUNDS FOR REMOVAL

**This Court Has Original Jurisdiction Based Upon Complete Diversity And The Amount In Controversy Exceeding $75,000.**

"Federal district courts have original jurisdiction over civil actions between citizens of different states, provided the amount in controversy is greater than $75,000." *Chapin v. Whitecap Inv. Corp.*, No. 2013-42, 2014 U.S. Dist. LEXIS 21214, *4 (D.V.I. Feb. 20, 2014) (citing 28 U.S.C. § 1332(a)).

Complete diversity exists among the parties. According to Plaintiff's Complaint, Plaintiff is a citizen and resident of St. Croix, United States Virgin Islands. (Cmplt. ¶ 1.) Defendant Hess Corporation is a Delaware corporation whose principal place of business is in the State of New York. (Cmplt. ¶ 2.) Defendant Hess Oil New York Corp. ("HONYC") is a New York corporation with its principal place of business in New York. (Cmplt. ¶ 3.) Thus, the parties satisfy 28 U.S.C. § 1332(a)'s diversity of citizenship requirement.

The amount in controversy exceeds $75,000. Here, Plaintiff has alleged to have contracted lung disease as a result of exposure to toxic substances for which Plaintiff is seeking compensatory and punitive damages. (See "Factual Allegations re: the Plaintiff," Cmplt. at ¶¶ 6-17.) Without conceding liability or the merits of Plaintiff's claims, based on these allegations, the amount in controversy certainly exceeds $75,000. Thus, Defendants have met their burden to demonstrate a

---

[7] Defendants reserve all defenses of process and service of process based upon insufficient process.

plausible allegation that the amount in controversy exceeds the jurisdictional threshold in 28 U.S.C. § 1332(a).  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

Furthermore, the other procedural requirements outlined in 28 U.S.C. § 1446 are met.  The Notice of Removal is timely filed under 28 U.S.C. § 1446(b) in that it is filed before Hess has been properly served. [8]  Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is simultaneously being given to Plaintiff, and a copy of the Notice of Removal will be promptly filed with the Clerk of the Superior Court of the Virgin Islands, Division of St. Croix.

Defendants respectfully reserve all defenses, including but not limited to all defenses specified in Rule 12(b) of the Federal Rules of Civil Procedure.

## CONCLUSION

Complete diversity exists among the parties to the above-captioned case, and the amount in controversy exceeds $75,000.  Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants properly file this Notice of Removal, removing their case from the Superior Court of the Virgin Islands to the District Court of the Virgin Islands, Division of St. Croix.

WHEREFORE, Defendants hereby removes this action from the Superior Court of the Virgin Islands, Division of St. Croix to this Court, and reserve all defenses.

Respectfully submitted,

**Beckstedt & Kuczynski LLP**
*Attorneys for Defendant Hess and HONYC*
2162 Church Street
Christiansted, VI 00820
Tel: (340) 719-8086 / Fax: (800) 886-6831

DATED: June 2, 2021     By:     s/ Carl a. Beckstedt III
Carl A. Beckstedt III, Esq.
VI Bar No. 684
carl@beckstedtlaw.com

---

[8] In addition, it is filed within thirty (30) days of the purported service on Hess.  See n. 1, supra.

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this June 2, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send a notification of such filing (NEF) to all counsel of record and caused a copy of this document to be served upon the following via email:

**The Pate Law Firm**
*Attorneys for Plaintiff*
J. Russell B. Pate, Esq.
pate@sunlawvi.com
PO Box 890
St. Thomas, VI 00804

**Burns Charest LLP**
*Attorneys for Plaintiff*
Korey Nelson, Esq.
knelson@burnscharest.com
Jacob Gower, Esq.
jgower@burnscharest.com
365 Canal Street, Ste. 1170
New Orleans, LA 70130

**Burns Charest LLP**
*Attorneys for Plaintiff*
Warren T. Burns, Esq.
wburnes@burnscharest.com
Daniel H. Charest, Esq.
dcharest@burnscharest.com
900 Jackson Street, Ste. 500
Dallas, TX 75202

**Murray Law Firm**
Murray Law Firm Arthur M. Murray, Esq.
amurray@murray-lawfirm.com
650 Poydras Street, Ste. 2150
New Orleans, LA 70130

s/ Carl A. Beckstedt III
Carl A. Beckstedt III, Esq.