**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| **FRANCIS MONDESIR,**<br><br>        Plaintiff,<br><br>   v.<br><br>**HESS CORPORATION and HESS OIL YORK CORP, as successor by merger HESS OIL VIRGIN ISLANDS CORP.,**<br><br>        Defendants.<br>_____ | 1:21-cv-00245-WAL-GWC |

**TO:**   C. Jacob Gower, Esq.
         Korey A. Nelson, Esq.
         H. Rick Yelton, Esq.
         Warren T. Burns, Esq.
         Carl A. Beckstedt, III, Esq.
         Joseph T. Hanlon, Esq.
         Carolyn F. O'Connor, Esq.

## ORDER

UPON CONSIDERATION of the Notice of Removal (ECF No. 1) and Defendants Hess Corporation and HONYC's Answer to Complaint (ECF No. 3), it is now hereby **ORDERED**:

1. An Initial Conference pursuant to Rule 16 of the Federal Rules of Civil Procedure is scheduled in the above-captioned matter for **Friday, November 19, 2021**, at **10:00 a.m. (AST)**, in **STX Courtroom 3**, before the undersigned U.S. Magistrate Judge.

2. The parties shall exchange Initial Disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedures no later than **October 29, 2021**.

3. The parties shall confer pursuant to Rule 26(f)(1) and (2) of the Federal Rules of Civil Procedure no later than **October 29, 2021**.

4. **<u>Each</u> party** shall file with the Court, no later than **November 12, 2021**, a **Discovery Memorandum**, pursuant to Rule 26(f)(3) of the Federal Rules of Civil Procedure and Rule 16.1 of the Local Rules of Civil Procedure.

5. In compliance with the requirements set forth in Federal Rules of Civil Procedure Rule 26(f)(3) and Local Rules of Civil Procedure Rule 16.1, each party's **Discovery Memorandum** shall include:

    a. a brief statement of the facts underlying the claims or defenses in the action and the legal issues in the case;

    b. a description of all discovery conducted by the party to date;

    c. a description of all discovery problems encountered to date, the efforts undertaken by the party to remedy these problems, and the party's suggested resolution of the problems;

    d. a description of the party's further discovery needs, including any special needs (e.g., videotape or telephone depositions, problems presented by off-island witnesses or documents, etc.), the subjects on which and amount of discovery needed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;

  e.  the party's estimate of the time needed to complete discovery and a proposed deadline for completion of factual discovery;

  f.  any issues regarding disclosure, discovery, or preservation of electronically stored information (ESI), including the form or forms in which it should be produced;

  g.  any issues regarding claims of privilege or of protection as trial-preparation materials;

  h.  a statement regarding whether expert testimony will be necessary, including the number of experts and subject areas anticipated, the party's anticipated schedule for retention of experts and submission of their reports, and proposed expert deadlines, including completion of expert depositions;

  i.  a statement regarding whether there should be any limitation placed upon use of any discovery device and, if so, the reason the limitation is sought;

  j.  a statement regarding whether the parties believe that the case may be susceptible to resolution through mediation;

  k.  proposed deadlines for: the joinder of additional parties; amendments to the pleadings; and, the first mediation conference pursuant to LRCi 3.2;

      l.      an estimate of the trial time needed;

      m.      any other issues that the party deems relevant or helpful in considering and establishing the Scheduling Order; and

      n.      any known areas of disagreement between the parties in the areas covered by the Discovery Memorandum.

ENTER:

Dated: October 15, 2021

/s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE